UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Cortez Beacham, | Case No. 21-cv-754 (WMW/LIB) |
| Plaintiff, | |
| v. | **REPORT AND RECOMMENDATION** |
| The United States; Minnesota; and Planet Home Lending, | |
| Defendants. | |

This matter comes before the undersigned United States Magistrate Judge pursuant to a general assignment made in accordance with the provision of 28 U.S.C. § 636, and upon Plaintiff Cortez Beacham's Application to Proceed in District Court Without Prepaying Fees or Costs. [Docket No. 2].

For the reasons discussed herein, the undersigned recommends that this matter be **DISMISSED without prejudice**, and it is further recommended that Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs, [Docket No. 2], be **DENIED as moot**.

Plaintiff did not pay the filing fee for this matter; instead, he has applied for in forma pauperis (hereinafter "IFP") status. (See IFP App. [Docket No. 2]). That IFP application is now before the Court and must be considered before any other action may be taken in this matter.

Plaintiff Cortez Beacham initiated this action by filing a "Standard Form 1055" which is entitled "Claims Against the United States for Amounts Due in the Case of a Deceased Creditor." [Docket No. 1].[1] The limited portions of the form completed by Plaintiff indicate that he is the son of "Mc[A]rthur Beacham who died on the 9th day of March 2019," and Plaintiff seeks to assert a

---

[1] Presumably because the exhibits attached to that document referred to state-court litigation, the Clerk of Court interpreted the ambiguous form as a notice of removal of that state-court litigation.

claim for $135,000 "toward [h]ome loan to Planet Home Lending." [Docket No. 1]. Plaintiff does not provide the basis for this claim nor assert any factual allegations in support of this claim. (See, Id.).

Plaintiff did file a number of exhibits. [Docket No. 1-1]. These exhibits consist of several documents previously filed in an ongoing state court action in which Planet Home Lending is seeking to foreclose on certain real property secured by a mortgage executed by McArthur Beacham. (See, Id.). Plaintiff, in his capacity as the personal representative of the estate of McArthur Beacham, is named as a defendant in that action. (See, Id.).

If Plaintiff intended his filing to operate as a notice of removal, then the notice of removal is fatally deficient. For one thing, the United States, who is named as a Defendant in the present action, is not a party to the underlying state-court litigation. See, Planet Home Lending, LLC v. Beacham, No. 73-CV-20-732 (Minn. Dist. Ct.). To the extent that Plaintiff seeks relief from the United States—and the document used to initiate this proceeding is nothing more than a request for compensation from the United States—then Plaintiff is not attempting to relocate the state-court proceedings to federal court. Instead, he seeks to introduce new claims against a new party. For another thing, under 28 U.S.C. § 1446(b)(1), a notice of removal must be filed within thirty days after receipt of the initial pleading by the defendant in the state-court action. The state-court action was filed in January 2020, and it has been actively litigated since that time. There is little doubt that Plaintiff received the initial pleading in that state court action well over thirty days before the initiation of this action in this federal Court in March 2021.

Still more importantly, only matters over "which the district courts of the United States have original jurisdiction . . . may be removed." 28 U.S.C. § 1441(a). Nowhere does Plaintiff allege the basis for the Court's jurisdiction over the state-court litigation. Accordingly, if the

document used to initiate this action were a notice of removal, it is doubtful that this Court would have jurisdiction over the proceeding.

But this Court does not believe that Plaintiff intended to submit a notice of removal.[2] Instead, liberally construing his pleadings in his favor,[3] Plaintiff appears to be attempting to assert new claims for relief against a new party—in other words, the document used to initiate this action was intended to be a complaint, not a notice of removal. The document, however, falls well short of the requirements of Rule 8(a) of the Federal Rules of Civil Procedure.

A pleading that states a claim for relief must contain, among other things, "a short and plain statement of the grounds for the court's jurisdiction" and "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(1)–(2). The initiating document in this matter performs neither of these tasks. Plaintiff fails to allege in his document why he believes he is legally entitled to compensation from the federal government, and he likewise fails to allege the basis for the Court's jurisdiction over this matter. This Court cannot merely assume that it has subject matter jurisdiction over this proceeding, and there is no basis for this Court's subject matter jurisdiction apparent on the face of Plaintiff's filings. Therefore, the undersigned recommends the present action be dismissed without prejudice for lack of subject matter jurisdiction. See, Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

---

[2] Among the documents submitted by Plaintiff was a "Notice to Remove" that was filed in state court. (Notice to Remove, [Docket No. 1-1] at 18). But this document was attempting to replace the judge assigned to the state-court proceedings with another state-court judge, see, Minn. R. Civ. P. 63.03, not relocate the proceedings from state court to federal court.

[3] The Court is required to liberally construe the filings of pro se parties. See, Erickson v. Pardus, 551 U.S. 89, 93 (2007) ("A document filed pro se is to be liberally construed[.]") (internal citation and quotation marks omitted)). A pro se litigant, however, "is not excused from failing to comply with substantive and procedural law." Burgs v. Sissel, 745 F.2d 526, 528 (8th Cir. 1984).

Insofar as Plaintiff's Complaint could be broadly and liberally construed as seeking relief pursuant to federal law, see 28 U.S.C. § 1331, he has set forth no substantive factual allegations whatsoever in the pleading.[4] This action—which is lacking an arguable basis in either law or fact—is therefore frivolous. See, Neitzke v. Williams, 490 U.S. 319, 325 (1989); see also, Porter v. Fox, 99 F.3d 271, 273 (8th Cir. 1996) (noting that a district court may effect sua sponte dismissal of a frivolous complaint prior to service of process). Accordingly, even if the Court were to find that it has jurisdiction over this matter, this litigation should nevertheless be dismissed without prejudice.

Therefore, based on the foregoing, and on all of the files, records, and proceedings herein,

**IT IS HEREBY RECOMMENDED THAT**:

1. This matter be **DISMISSED without prejudice** for lack of subject matter jurisdiction; and

2. Plaintiff's application to proceed in forma pauperis, [Docket No. 2], be **DENIED as moot**.

Dated: April 7, 2021
s/Leo I. Brisbois
Hon. Leo I. Brisbois
United States Magistrate Judge

---

[4] The documents attached as exhibits to the pleading in this action consist mostly of documents filed in the state-court litigation. Plaintiff does include arguments in those documents as to why the plaintiff in that action, Planet Home Lending, LLC, is not entitled to relief, but these arguments are defenses to claims being brought against him in state court, not claims for relief brought by Plaintiff against someone else. Accordingly, these arguments cannot form a basis for relief in this action. Insofar as the documents attached to the pleading can be interpreted as attempting to raise new claims, Plaintiff appears to be requesting criminal prosecution of Planet Home Lending under 18 U.S.C. § 242. (See, Filings [Docket No. 1-1], at 25). But § 242, like almost all federal criminal statutes, does not provide a private right of action. See, e.g., Houck v. Gurich, 515 F. App'x 724, 724 (10th Cir. 2013) (per curiam).

4

## NOTICE

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. <u>See</u>, Local Rule 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).